*2 Opinion of the court delivered by
Judge Haywood.—
The only question presented by this record, is, whether the circuit court erred in receiving Pearce as a witness to prove his own deed void. On the ground of reason, convenience and public advantage, both sides of this question are so nearly balanced, that we can hardly perceive the preponderance. If on one side, there is danger to fair purchasers, from statements made by vendors which others could not make, and which corruption or ill will might prompt them to make, there'is also much danger to creditors and subsequent fair purchasers, if vendors, when willing from motives of contrition to disclose the truth, shall not be permitted to do so. In the latter case the truth would be unavoidably suppressed: in the former it would appear in a doubtful shape, flowing from a suspicious source, and under circumstances rendering its extraction difficult, and subject to much uncertainty.— But the good sense of the jury, aided by the sagacity of judges of long experience, might often select the truth from the rubbish which entangled it, with a degree of satisfaction, that afforded conviction to the mind; especially if aided by exterior evidence, confirmatory of those incidental circumstances which are- appended to every genuine narration, and serve as indexes of innate correctness. The court in this situation will look to the current of authorities, and govern themselves chiefly by the opinions of learned men, and by the precedents which they have set us, after having reflected upon the subject with the same anxiety which now actuates our researches.
The authorities cited in favor of receiving the evidence of the grantor, when he is not repelled on the ground of interest in favor of the proposition he is called to support, and in destruction of the deed which he himself has executed, are, Swift’s Ev. 96. Phillips’ Ev. 31, 33, in note. 3 Mass. Rep. 569. Cook’s Rep. 350. 1 Hen. and Mun. 154. 6 John. Rep. 125, to which may be added, 2 Dallas’ Rep. 196. 2 Binney’s Rep. 154. 3 Dallas 506. 1 Hay. Rep. 397. 2 Haywood 127, 292, 298. 7 T. Rep, 604. Peake’s cases 224.
*3 Ever since the decision in the case of Walton vs. Shelley, there has been much vibration and mutability in the decisions of the different States; and taking into one view all the decisions, both in England and the different States of America, we cannot certainly say, whether those for receiving, or those for rejecting the evidence are most numerous or authoritative. We ought then to consider what was the law before and at the time of the revolution, and how far the decisions since that period are accommodated to our own peculiar circumstances, and how far our own decisions have interfered to settle this controversy.
There is no case before that of Walton vs. Shelly ? which rejects the evidence of the grantor. The decision in 1 Strange 444, declares him admissible where he has ' not warranted the land, and of course where he has warranted it, if he is not called to swear to his own advantage, vide also, 2 L. Raymond 1010. When we come to the decisions of North Carolina, and of this State, as stated, 1 Hay. 397. 2 Hay. 127, 292 and 298; and Cook’s Rep. 350, we find marks left for the direction of later enquirers, which conduct us inevitably to the conclusion, that it is better to receive the evidence of the grantor as competent, (though liable to much observation and jealousy,) than by rejecting it wholly, make it impossible to elicit the truth, which might by a careful process he extracted.
The cases cited for the rejection of the evidence, it must he acknowledged are neither few, nor unsupported by great names, but they are recent and subsequent to the revolution, and possibly called for by circumstances at the time which do not exist here. The cases cited for the defendant, are 1 T. Rep. 296. 3 Burr. 1224. 1 Blk. Rep. 365. 2 Root. Rep. 251. 1 Day. Rep. 17. 2 do. 161. 1 Caine’s Rep. 185. 2 Binney 93. 1 Haywood 197. 1 Tenn. Rep. 92; 2 do. 204. 2 Hay. 127, 298.— 1 Atkins 451. 2 do. 228. 1 Washington 148. 11 East 132. 3 Dessaus. 223. 3 Term. Rep. 351. 1 Dessaus. 219. The maxim' “Nemo allegans suam turpitudinem *4 est audiendus,” is applicable to plaintiffs who found their claim upon a fraud, or other illegal and prohibited act, and in which they have been partakers; and in cases of bastardy, the rule that the wife shall not be permitted to prove it, is founded in decency, morality and policy; 6 Term Rep. 330. In 1 Hen. and Mun. 154, the wife of the maker ot a bill of sale was admitted to show that the vendor had no title. In 2 Binney 158, 161, 165, 168, the indorser of a bond, assignable only, was held to be a good witness to prove it void. In 7 T. Rep. 601, the indorser of a negotiable paper was admitted to prove it void for usury. In 6 Johnsons Rep. 138, the grantor was declared to be admissible, both to prove and disprove a fraud, though the courts of that State had adopted the rule laid down in Walton vs. Shelly, as to negotiable instruments. In 2 Ld. Raymond 1008, the grantor was admitted to prove that he had no title when he made the deed. 1 Strange 445, 4 Mass. 442, are cases, where the grant- or was called to support the title he had made to the grantee and are consequently inapplicable. In 3 Dessausure 223, Harvey who had made the deed was admitted to defeat it; the case of Walton vs. Shelly, it is there said, was a departure from the common law. Harvey was not considered as a trustee; he was admitted on the ground that his execution of the deed to a third person did not disqualify him. The case of Walton and Shelly was after the year 1776, and is expressly overruled in Jordan vs Lashbrock, 7 Term Rep. 601, which latter case is now considered settled law in England. The case in I Hayw. 397, is not a decision upon the point, the confessions of ayendor before conveyance may be given in evidence against his bargainee, who stands in no better situation than himself. But if the confessions be made after the conveyance, then the bargainee,- not claiming under lijm after the confessions, is not affected by them, as the title when he received it is not incumbered with them. The case in 1 Tenn. Rep. is liable to the same answer, and 2 Tenn. 204, is not upon the point. The decision in 2 Hay. Rep. 127, is founded upon a mistake, for at the. *5 time of making it, Walton vs. Shelley was much shaken, and had not been received as the law of North Carolina. What is said in 2 Haywood 298, is founded upon 2 Hay. 127. In 1 Atkins 451, a feme covert made a defendant and charged with fraud, and no fraud being proved, was admitted a witness to support a deed made to her husband in trust for a third person. The ground of the decision was, that she was not interested in the event, being neither liable for costs, nor to a decree for the principal matter in controversy. In 2 Atkins 228, the maker of the deed was admitted in equity to overturn it; the par-ticeps criminis was admitted to prove the fraud. • That part of the case which contains the dictum, that the witness could not be received for the same purpose at law, was not upon the point to be decided, and moreover impaired the rule, that the rules of evidence in law and equity were the same. It is equally the duty of both .courts .to suppress fraud, and defeat its effects, and why not receive the same evidence in both courts. In I Wash. 146, the fraudulent chain carrier was not declared to be incompetent, but to be unworthy of credit; his competency is implied; the meaning is, that his single testimo.-ny unsupported by circumstances was not deserving of credit. What is said in Co. Litt. 66, that witnesses cannot testify a negative, but an affirmative, is applicable to all witnesses, as well as witnesses to deeds, and is a rule questioned or qualified by the authorities. Gilbert’s evidence 157. Law of Nisi Prius (first edition) 422. 3 Burr. 1244. 1 Wm. Blk. Rep. 365.
The court is of opinion the reception of the witness was proper, and order the judgment to be affirmed.
Judgment affirmed.